**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 25-CR-273-JFH |
| CHAD ALLEN HAEBERLE, a/k/a "bamfcah@gmail.com," | |
| Defendant. | |

**Government's Sentencing Memorandum**

Chad Haeberle threatened to murder United States Representative Josh Brecheen as part of his political agenda to remove the congressman from office, violently if necessary. The United States recommends the Court sentence Haeberle to 57 months of imprisonment and 3 years of supervised release. Because Haeberle's threats were intended to impede, interfere with, or retaliate against Congressman Brecheen's official duties, a sentence that includes imprisonment is required to satisfy the minimum term of a Guidelines sentence. A sentence at the high-end of the Guidelines adequately accounts for Haeberle's history and characteristics, the nature, circumstances, and seriousness of the offense, and the needs to deter criminal conduct, promote respect for the law, and protect the public.

## I.    The Presentence Report and Applicable Guidelines Range

The United States has reviewed the Presentence Investigation Report ("PSR")

and has no objections or corrections. Haeberle has a total offense level of 23 and a criminal history category of I, resulting in an advisory Guidelines range of 46 to 57 months of imprisonment. PSR ¶ 51.

## II.   Factual Summary

Haeberle encouraged violent political acts to wage class warfare. In December of 2024, Haeberle proclaimed his support for the murder of UnitedHealthcare CEO Brian Thompson. PSR ¶ 7; Exh. 1 (OSINT Threat Assessment) at 1; 3. Haeberle wrote, "Yes, I am, with no ambiguity or any attempt at plausible deniability, saying that I fully support the gunman," in a social media post about the killing. *Id.* Across three consecutive days, Haeberle posted the manifesto of Thompson's assassin, an image justifying violent political action as "self-defense," and an image praising violent acts as having a "more long-lasting impact" than peaceful ones on his personal social media account. PSR ¶ 7; Exh. 1 at 1, 3 – 4. Haeberle wrote a post on another social media platform that said, "Just know that if it's not actively disruptive, it's performative." Exh. 1 at 7.

Haeberle directed that incitement towards Congressman Brecheen through threats. Haeberle threatened Congressman Brecheen three times. PSR ¶ 7 – 9. He sent each threat directly to Congressman Brecheen's public, governmental email. PSR ¶ 7 – 9. Haeberle targeted Congressman Brecheen because he lives in the congressman's district. PSR ¶ 10.

Haeberle emailed Congressman Brecheen that he "fully intended to fight" a class

war. PSR ¶ 7; Exh. 2 (12/23/2024 E-Mail). In that email he praised Thompson's murder as "a favor to the people of our nation." *Id*. He closed the e-mail with, "I hope this email keeps you up at night. It should." *Id.* That email was sent two days before Christmas in 2024.

Haeberle sent another threatening email to Congressman Brecheen on January 17, 2025. Haeberle characterized that email as "containing specific terrorist threats against Josh Brecheen." PSR ¶ 8. Haeberle stated the purpose of the email was to "make you consider leaving your job and make Joshu boy [sic] unable to sleep at night." *Id*. Haeberle described the congressman's policies as a "threat to his constituents and the country" and said he should be removed from office, "violently if necessary." *Id.* The threat was made in response to an update Congressman Brecheen provided to his constituents. Exh. 3 (Complaint) ¶ 6.

Haeberle sent a third email that said, "I will literally murder you and you should take this as a serious and credible threat." PSR ¶ 9. Haeberle sent that threat to Congressman Brecheen on July 23, 2025. *Id.* The United States Marshals Northern Oklahoma Violent Crimes Task Force arrested Haeberle three days later. PSR ¶ 10. While in custody, Haeberle said Congressman Brecheen was "just so murderable and has a punchable face." *Id.*

Congressman Brecheen was aware of the threats and very concerned for his and his family's lives. Exh. 3 ¶ 14. Congressman Brecheen communicated that the threats caused him and his family to undertake additional security measures due to a true

3

fear Haeberle would harm them.

An Indictment charging Haeberle with threatening to assault, kidnap and murder a member of Congress, in violation of 18 U.S.C. §§ 115(a)(1)(B) and 115(b)(4), and cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B) and 2261(b)(5), was filed on August 4, 2025. Dkt. No. 15. Haeberle pleaded guilty to both counts without an agreement on January 16, 2026. Dkt. Nos. 42, 45. Sentencing is currently scheduled for October 1, 2026. Dkt. No. 46.

## III.    Argument

A sentence of 57 months of imprisonment and 3 years of supervised release satisfies the Guidelines and the Section 3553(a) factors.

### A. The nature and circumstances of the crime and Haeberle's history and characteristics justify a sentence at the high-end of the Guidelines.

The Court should look through the lens Haeberle provided when assessing the nature and circumstances of his threats. Haeberle held himself out to be a radicalistic who wanted to engage in violent class warfare. He was not interested in exercising his lawful rights to implement the political changes he wanted. Instead, Haeberle advocated violent acts, including murder, as a more efficient and effective method of achieving his agenda. His threats are borne of that mindset.

Haeberle's threats to Congressman Brecheen were direct and unambiguous. Haeberle himself labeled them as "terrorist threats." He said he would "literally murder" the congressman and warned that the threat should be taken as "serious and

4

credible." Haeberle persisted making threats even after he was arrested for doing so, calling the congressman "murderable." His rhetoric that peaceful protests were ineffective makes his threats more troubling.

A sentence of 57 months of imprisonment, coupled with a 3-year term of supervised release, accounts for Haeberle's history and characteristics and the circumstances of his crime. The sentence imposed should reflect the magnitude of fear Haeberle intended to inflict upon Congressman Brecheen and his family. Haeberle's open support of political assassinations underscores that fear and the seriousness of the offense.

**B. A sentence at the high-end of the Guidelines is a just punishment that reflects the seriousness of the offense, promotes respect for the law, deters criminal conduct and protects the public.**

A Guidelines sentence would provide a just punishment for Haeberle's crimes. A sentence at the high-end of the Guidelines would account for the seriousness of those threats, promote respect for the law, and protect the public. Haeberle's threats were direct, specific, and unambiguous. Haeberle threatened to murder Congressman Brecheen to impede, intimidate and interfere with him while he was engaged in his official duties and to retaliate against him on account of the performance of his official duties. Haeberle's threats were successful in instilling fear in the congressman. A sentence of 57 months of imprisonment would ensure those who Haeberle has political differences with would be protected from his threats.

This Court must also consider general deterrence when fashioning its sentence.

*See United States v. Crosby*, 119 F.4th 1239, 1249-51 (10th Cir. 2024). The need to deter these types of crimes is stronger now than ever. As violent acts continue to put United States officials at risk, these kinds of threats must be taken seriously. Haeberle advertised two high-profile acts on his social media accounts as political violence he deemed impactful. The President of the United States was the target of another assassination attempt less than two weeks before the filing of this memorandum. Other federal officers have also faced threats of murder for performing their duties. *See, generally, US v. Logan Christopher Murfin*, Case No. 25-CR-463-GKF (NDOK – Choe-Groves 2025).[1]  A sentence of 57 months of imprisonment is within the Guidelines and would generally deter others from threatening violent acts against federal officials.

Haeberle continued to make comments about murdering Congressman Brecheen even after his arrest. That persistence warrants additional supervision after Haeberle's prison term. This Court should order Haeberle to be supervised for a term of three years following his imprisonment.

---

[1] A redacted copy of the Indictment in that matter is attached as Exh. 4. A jury convicted Mr. Murfin of counts 1 – 8 and 15 – 16 on April 24, 2026.

## IV.    Conclusion

A sentence of 57 months of imprisonment, coupled with a 3-year term of supervised release, satisfies the Guidelines and § 3553(a) factors. That sentence emphasizes the seriousness of the offense, promotes respect for the law, protects the public, and deters others from committing similar crimes. It also accounts for the nature and circumstance of the offense and for Haeberle's history and characteristics.

Respectfully submitted,

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

*/s/ Christopher Kelly*
Christopher Kelly, NY Bar No. 4477873
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

## Certificate of Service

I hereby certify that on the 5th day of May, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Lance Boyd Phillips
*Counsel for Defendant*

*/s/ Christopher Kelly*
Christopher Kelly
Assistant United States Attorney